IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOIMA KANNEH, A075-338-413   *
    Petitioner,
v.   *   CIVIL ACTION NO. WDQ-12-3774

JACK CAVANAUGH   *
    Respondent.
                          ***

MEMORANDUM OPINION

This *pro se* petition for habeas corpus relief attacks Petitioner's continuing immigration detention and appears to challenge the decision of the Department of Homeland Security and Immigration and Customs Enforcement ("ICE") to place him in removal proceedings, find him competent at a hearing on the immigration charges, and order his removal. ECF No. 1. Respondent was ordered to file a response to the petition and has done so. ECF No. 6.

Respondent claims that Petitioner is a native and citizen of Liberia who entered the United States as a refugee in October of 1997 and became a lawful permanent resident of the United States on January 26, 2010. ECF No. 6 at Ex. A. On March 1, 2012, Petitioner was convicted of fourth-degree sexual assault in the Circuit Court for Baltimore County, Maryland. *Id.* He was charged by ICE with a violation of 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of a crime of violence, which is an aggravated felony under immigration law. *Id.* Petitioner was arrested by ICE on May 10, 2012, and placed in removal proceedings. *Id.* at Ex. B.

Immigration Judge ("IJ") Elizabeth Kessler conducted a hearing on Petitioner's mental competency and on October 10, 2012, found him mentally competent and ordered his removal from the United States. *Id.* at Ex. C. Petitioner waived his right to appeal and the removal order became administratively final on October 10, 2012. *Id.*

Deportation Officer Christian Lewis affirms that officials from the Embassy of Liberia interviewed Petitioner on November 14, 2012, for purposes of issuing travel documents. ECF No. 6 at Ex. D. Lewis maintains that the Liberian Embassy has issued travel documents for other aliens and the process generally takes at least six months. *Id*. ICE conducted a custody review on January 11, 2013, and determined that Petitioner's detention would continue pending his removal from the United States. *Id*. at Ex. E. ICE is currently awaiting Petitioner's travel documents from the Liberian consulate. *Id*. at Ex. D.

Petitioner challenges his continued post-removal-order detention. After a removal order becomes final, ICE must detain the alien until he is removed for up to ninety days (the "removal period").[1] *See* 8 U.S.C. § 1231(a)(2). Although § 1231(a)(6) appears to authorize discretionary indefinite detention of a removable alien beyond such period, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Court found that after an order of deportation became final, an alien may be held for a six-month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that

---

[1] The ninety (90)-day period begins on the latest of (i) the date the removal order becomes administratively final; (ii) if the order is judicially reviewed and the court issues a stay of removal, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. See 8 U.S.C. § 1231(a)(1)(B).

> there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 700. The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *See id.* at 697-99. In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose. *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) (because repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was not reasonably foreseeable). *Zadvydas* holds that post-removal-order detention pursuant to 8 U.S.C. § 1231(a)(6) does not authorize the Attorney General to detain an alien indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 689. After six months of post-removal-order detention, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 700-01.

Petitioner was taken into ICE custody on September 10, 2012. He was, however, ordered removed on October 10, 2012, when he waived his appeal. He has remained in ICE custody, subject to the order of removal, for approximately four and one-half months. At this time he has not been detained beyond the reasonably presumptive period of detention recognized by the Supreme Court in *Zadvydas*. A constitutional challenge to his continued custody is premature. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (six-month period of post-removal-order detention recognized by Supreme Court must have expired at the time the § 2241 petition is filed in order to state a claim under *Zadvydas*). Accordingly Petitioner's current detention violates neither procedural nor substantive due process.

Further, to the extent that Petitioner seeks to challenge the IJ's finding of competency and the order of removal, authority to consider a challenge to a final order of removal is within the sole and exclusive jurisdiction of the courts of appeal through a petition for review. *See* 8 U.S.C. § 1252(a)(5), (b)(9); *Johnson v. Whitehead* 647 F.3d 120, 124 (4th Cir. 2011); *Schmitt v. Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006); *Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005). Consequently, this court lacks jurisdiction to review a challenge to Petitioner's removal order.

The petition for writ of habeas corpus will be dismissed without prejudice. A separate Order follows.

Date: 3/5/13

William D. Quarles Jr.
United States District Judge